967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freeman Lee HOUSTON, Defendant-Appellant.
 No. 90-50647.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freeman Lee Houston appeals from his sentence, imposed following a guilty plea, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Freeman contends that the district court erred by sentencing him as a career offender under the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 We review de novo the district court's interpretation of the Guidelines. United States v. Huffhines, No. 91-50426, slip. op. 6593, 6606 (9th Cir. June 15, 1992).
 
 
 4
 A defendant is considered a career offender under the Guidelines if his offense is a violent felony and he has two prior felony convictions for violent offenses or offenses involving controlled substances. U.S.S.G. § 4B1.1. Prior to the effective date of the 1989 amendments to the Guidelines, possession of a firearm by a felon was considered a crime of violence for purposes of the career offender provisions. See U.S.S.G. § 4B1.2 (1988); United States v. O'Neal, 937 F.2d 1369, 1374-75 (9th Cir.1990). The relevant definition was amended as of November 1, 1989, however, and under the Guidelines in effect since that date, firearm possession by a felon is no longer a predicate crime of violence. Huffhines, No. 91-50426, slip. op. at 6609.
 
 
 5
 Houston committed his offense on or about April 7, 1990 and was sentenced on November 1, 1990. Accordingly, the post-1989 Guidelines were applicable to his offense, the district court erred by sentencing him as a career offender, and he must be resentenced. See Huffhines, No. 91-50426, slip. op. at 6609.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3